UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:16-cr-0261-WTL-MJD |
| | ) | |
| JOHN ROSETTO, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable

William T. Lawrence, directing the duty magistrate judge to conduct a hearing on the Petition for

Warrant or Summons for Offender Under Supervision ("Petition") filed on March 28, 2018, and

a supplemental petition filed on May 4, 2018 and to submit proposed Findings of Facts and

Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e).  Proceedings were

held on May 10, 2018, and May 17, 2018, in accordance with Rule 32.1 of the *Federal Rules of*

*Criminal Procedure*.[1]

On May 10 and May 17, 2018, defendant John Rosetto appeared in person with his

appointed counsel, William Dazey.  The government appeared by Jeffrey Preston and Pamela

Domash, Assistant United States Attorneys.  The United States Probation Office ("USPO")

appeared by Officer Mark McCleese, who participated in the proceedings.

---

[1]     All proceedings were recorded by suitable sound recording equipment unless otherwise
noted. *See* 18 U.S.C.  § 3401(e).

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1.     The court advised Mr. Rosetto of his right to remain silent, his right to counsel, and his right to be advised of the charges against him.  The court asked Mr. Rosetto questions to ensure that he had the ability to understand the proceedings and his rights.

2.     A copy of the Petition was provided to Mr. Rosetto and his counsel, who informed the court they had reviewed the Petition and that Mr. Rosetto understood the violations alleged.  Mr. Rosetto waived further reading of the Petition.

3.     The court advised Mr. Rosetto of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition.  Mr. Rosetto was advised of the rights he would have at a preliminary hearing.  Mr. Rosetto stated that he wished to waive his right to a preliminary hearing.

4.     The court advised Mr. Rosetto of his right to a hearing on the Petition and of his rights in connection with a hearing.  The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

5.     Mr. Rosetto, by counsel, stipulated that he committed Violation Numbers 1, 2, 3, 4, 5, and 6 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1 | **"You shall report to the probation officer in a manner and frequency directed by the Court or probation officer."** |

2

Mr. Rosetto failed to report to the probation office on March 22 and March 26, 2018. Appointment notices were mailed and left at his address instructing him to report on the aforementioned dated.

2     **"You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of change."**

Multiple attempts have been made to contact the offender at his residence. On March 26, 2018, the occupant and former girlfriend of offender communicated that Mr. Rosetto no longer lived at that location.

3     **"You shall maintain lawful employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment."**

Since beginning supervision, the offender has failed to obtain full-time employment. He reported working part-time laying carpet for an individual he knew as Tommy, but he did not know Tommy's last name. He was unable to provide proof of employment or this employer's contact information.

4     **"You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.) The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer."**

Since being referred to substance abuse treatment on January 24, 2018, the offender failed to attend group treatment on February 28 and March 24, 2018. Additionally he failed to report for a random urinalysis on March 5, 2018.

5     **"You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical provider. You shall follow the prescription instructions regarding frequency and dosage."**

Mr. Rosetto tested positive for amphetamines on January 8, January 16, February 12, and March 6, 2018.

**6**     **"You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical provider.  You shall follow the prescription instructions regarding frequency and dosage."**

Mr. Rosetto tested positive for amphetamines on March 17, 2018.

6.     The government moved to dismiss violation 7 and the same was granted.

7.     After ensuring that Mr. Rosetto's decision to waive hearing and admit the violations, the court placed Mr. Rosetto under oath and directly inquired of Mr. Rosetto whether he admitted violations 1, 2, 3, 4, 5, and 6 of his supervised release set forth above.  Mr. Rosetto admitted the violations as set forth above.

9.     The parties and the USPO further stipulated that:

(a)     The highest grade of Violation (Violations 5 and 6) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

(b)     Mr. Rosetto's criminal history category is III.

(c)     The range of imprisonment applicable upon revocation of Mr. Rosetto's supervised release, therefore, is 8 to 14 months' imprisonment.  (*See* U.S.S.G. § 7B1.4(a).)

10.     The parties jointly recommended a sentence of five (5) months in the Bureau of Prisons with 24 months of supervised release to follow.   Defendant requested a recommendation of placement at FCI McDowell.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, JOHN ROSETTO, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of five (5) months with twenty-four (24) months of

supervised release to follow. In addition to the mandatory conditions of supervision, the

following conditions of supervised release will be imposed:

1. You shall report to the probation office in the district to which you are released within 72 hours of release from the custody of the Bureau of Prisons. Justification: This condition is an administrative requirement of supervision.

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer. Justification: This condition is an administrative requirement of supervision.

3. You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer. Justification: This condition will assist the probation officer in monitoring the defendant for protection of the community.

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer. Justification: This condition is an administrative requirement of supervision

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege. Justification: This condition is an administrative requirement of supervision.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact. Justification: This condition is aimed at reducing the risk of recidivism and providing for public safety.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change. Justification: This condition will assist the probation officer in monitoring the defendant for protection of the community.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon. Justification: This condition will assist the probation officer in monitoring the defendant for protection of the community.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer. Justification: This condition is an administrative requirement of supervision.

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment. Justification:

This condition will ensure the defendant maintains gainful employment and reduce the risk of recidivism.

11. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement. Justification: This condition is aimed at reducing the risk of recidivism and providing for public safety.

12. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision. Justification: This condition is aimed at reducing the risk of recidivism and providing for public safety.

13. You shall pay the costs associated with the following imposed conditions of supervised release/probation, to the extent you are financially able to pay: substance abuse treatment. The probation officer shall determine your ability to pay and any schedule of payment. Justification: This condition will require him to invest into his rehabilitation.

14. You shall participate in a substance abuse or alcohol treatment program approved by the probation officer, and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer. Justification: This condition will help ensure the defendant's mental health needs are identified and addressed.

15. You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage. Justification: This condition will address the defendant's history of substance abuse.

16. You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods. Justification: This condition will help ensure compliance with a drug-free lifestyle.

17. You shall provide the probation officer access to any requested financial information and shall authorize the release of that information to the U.S. Attorney's Office for use in connection with the collection of any outstanding fines and/or restitution. Justification: This condition will help ensure legitimacy of employment earnings.

18. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such

violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches. Justification: This condition will assist the probation officer in monitoring the defendant for protection of the community.

In addition to the above conditions, Defendant Rosetto will be placed on home detention with GPS monitoring for the first three (3) months of release from incarceration. Defendant Rosetto reviewed the foregoing conditions and they were reviewed by defendant with his attorney. Defendant Rosetto, on the record, waived reading of the above-noted conditions of supervised release.

The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.

Counsel for the parties and Mr. Rosetto stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B) and (C); and, Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Rosetto entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Rosetto's supervised release, imposing a sentence of

imprisonment of five (5) months with twenty-four (24) months of supervised release to follow.

In addition to the conditions of release set forth in the Parameters Worksheet, Mr. Rosetto will be

placed on home detention with GPS monitoring for the first three (3) months of release from

incarceration. The defendant is to be taken into immediate custody pending the district court's

action on this Report and Recommendation.  The Magistrate Judge recommends placement at

FCI McDowell.

      IT IS SO RECOMMENDED.

   Date: 6/5/2018

                                        Debra McVicker Lynch
                                        United States Magistrate Judge

Distribution:                            Southern District of Indiana

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal