UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:16-cr-0261-WTL-MJD |
| | ) | |
| JOHN ROSETTO, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On November 6, 2018, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on November 1, 2018. Defendant Rosetto appeared in person with his appointed counsel William Dazey. The government appeared by Brad Shepard, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Troy Adamson.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Rosetto of his rights and provided him with a copy of the petition. Defendant Rosetto orally waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Rosetto admitted violation 2. [Docket No. 66.]

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 2 | **"You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of change."**<br><br>Multiple attempts have been made to contact the offender by phone. On October 16, 2018, the offender's girlfriend advised Mr. Rosetto no longer lived with her and she had no information about his current whereabouts or how to contact him. |

4. The government moved to dismiss violation 1 and the same granted.

5. The parties stipulated that:

    (a) The highest grade of violation is a Grade C violation.

    (b) Defendant's criminal history category is III.

    (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 5 to 11 months' imprisonment.

6. Parties jointly recommended a sentence of five (5) months with no supervised release to follow.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of five (5) months with no supervised release to follow. The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation. The Magistrate Judge will make a recommendation of placement at FCI McDowell.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the fourteen-day period to object to the Report and Recommendation.

Date: 11/7/2018

_Doris L. Pryor_
Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal